

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Murawski v. Baldwin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1279

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Murawski v. Baldwin" (2006). *2006 Decisions.* Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1279
_____

MARK M. MURAWSKI,
                                        Appellant

v.

HONORABLE JUDGE
CYNTHIA A. BALDWIN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-01255)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  December 20, 2006)

_____

OPINION
_____

PER CURIAM

        Appellant Mark M. Murawski, proceeding <u>pro</u> <u>se</u>, appeals from the judgment of

the District Court dismissing his complaint for lack of subject matter jurisdiction.  For the

reasons that follow, we will affirm.

In September of 2005, Appellant filed a complaint in the United States District Court for the Western District of Pennsylvania against the Honorable Cynthia A. Baldwin of the Court of Common Pleas of Allegheny County. According to Appellant, while presiding over a civil action regarding a dispute over an easement for the use of Appellant's property, Judge Baldwin inserted the word "perpetual" into the terms of the easement in violation of the settlement actually agreed to by the parties involved. Appellant alleges that his constitutional rights were violated by this action, and seeks relief from the consent order of October 24, 2001, and an unspecified amount of monetary damages from Appellee for loss of property and reputation.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss de novo. See Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004).

The District Court held that, pursuant to the Rooker-Feldman doctrine, it lacked appellate authority over the decision of the state court that Appellant sought relief from. See 28 U.S.C. § 1257 (only United States Supreme Court has jurisdiction to review decisions of state courts); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983). Because Appellant was essentially asking the District Court to invalidate the state court's consent order, the Court held that his complaint was barred by Rooker-Feldman. See id.; see also E.B. v. Verniero, 119 F.3d 1077, 1091 (3d Cir. 1997) (holding that "to grant [Appellant]

2

relief would require an inferior federal court to determine that the [state] court's judgment was erroneous and would foreclose implementation of that judgment"). To the extent that the District Court held that Appellant's request for relief from the consent order was barred by Rooker-Feldman, we agree.

In his complaint, Appellant also sought unspecified monetary damages from Judge Baldwin. The District Court did not reach this claim, holding instead that it lacked subject matter jurisdiction over the entire complaint. Nonetheless, it is beyond dispute that judges are immune from liability for damages for acts committed within their judicial jurisdiction. See Pierson v. Ray, 386 U.S. 547, 554 (1967). As entry of the consent order was plainly within Judge Baldwin's jurisdiction, Appellant's claim for damages could not survive a motion to dismiss.

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] Appellant's Motion for Remedy and for Relief of Legislation is denied.